IN THE IOWA DISTRICT COURT FOR JOHNSON COUNTY

| | |
|---|---|
| DEBRA WARDEN,<br><br>    Plaintiff,<br><br>vs.<br><br>INTERNATIONAL AUTOMOTIVE COMPONENTS GROUP NORTH AMERICA, INC., and IAC IOWA CITY, L.L.C.<br><br>    Defendants. | NO. LACV073058<br><br><br><br>**ORIGINAL NOTICE** |

TO THE ABOVE-NAMED DEFENDANT(S):    IAC IOWA CITY, L.L.C.

    You are notified that a Petition at Law has been filed in the office of the clerk of this court naming you as the respondent in this action. A copy of the Petition is attached to this notice. The attorneys for the plaintiff are Paige Fiedler and Emily McCarty of Fiedler Law Firm, P.L.C., whose address is 2900 – 100th Street, Suite 209, Urbandale, Iowa 50322. Their phone number is (515) 254-1999; facsimile number (515) 254-9923.

    You must serve a motion or answer within 20 days after service of this original notice upon you and, within a reasonable time thereafter, file your motion or answer with the Clerk of Court for Johnson County, at the county courthouse in Iowa City, Iowa. If you do not, judgment by default may be rendered against you for the relief demanded in the petition.

    If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at (319) 398-3920 Ext. 1100. (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942).

**LODEMA BERKLEY**
By: _[signature]_, deputy
CLERK OF COURT
Johnson County Courthouse
Iowa City, Iowa 52240

**IMPORTANT:**
**You are advised to seek legal advice at once to protect your interests.**

IN THE IOWA DISTRICT COURT FOR JOHNSON COUNTY

| | |
|---|---|
| DEBRA WARDEN,<br><br>Plaintiff,<br><br>vs.<br><br>INTERNATIONAL AUTOMOTIVE COMPONENTS GROUP NORTH AMERICA, INC., and IAC IOWA CITY, L.L.C.,<br><br>Defendants. | CL No. LACV073058<br><br>PETITION AND JURY DEMAND<br><br>FILED 2011 FEB 24 PM 12:54 CLERK OF DISTRICT COURT JOHNSON COUNTY, IOWA |

COMES NOW the Plaintiff, by and through her attorneys, and for her cause of action hereby states the following:

## INTRODUCTION

1. This is an action under the Iowa Civil Rights Act and the Americans with Disabilities Act, challenging the illegal employment practices directed at Plaintiff by the Defendants.

2. Plaintiff Debra Warden is a resident of Johnson County, Iowa.

3. Defendant International Automotive Components Group North America, Inc. ("IAC") is a Delaware corporation doing business in Johnson County, Iowa.

4. Defendant IAC Iowa City, L.L.C. is a Delaware corporation doing business in Johnson County, Iowa.

5. The acts of which Plaintiff complains occurred in Johnson County, Iowa.

1

## PROCEDURAL REQUIREMENTS

6. On approximately July 17, 2009, within 300 days of the acts of which she complains, Plaintiff filed charges of employment discrimination against Defendants with the Iowa Civil Rights Commission and the Equal Employment Opportunity Commission.

7. On approximately November 29, 2010, less than 90 days prior to the filing of this Complaint, the Iowa Civil Rights Commission issued a right to sue letter with respect to Plaintiff's charges of discrimination against Defendants.

8. On approximately December 28, 2010, less than 90 days prior to the filing of this Complaint, the Equal Employment Opportunity Commission issued an Administrative Release with respect to Plaintiff's charges of discrimination against Defendants.

## FACTUAL BACKGROUND

9. Plaintiff began working for Defendants' predecessor, Sheller Globe, in 1975.

10. From 1989 until 2007, Plaintiff also worked for Defendants' predecessors United Technologies and Lear.

11. In 2007, Defendants purchased Lear.

12. Starting in approximately 2007, Plaintiff worked as a packer on the assembly line.

13. Plaintiff suffers from edema and poor circulation in her legs.

14. Plaintiff's edema and poor circulation causes her legs to swell and become painful if she stands for more than 8 hours per day.

15. As a result, Plaintiff's doctor has restricted her to working no more than 40 hours per week since approximately 2000.

16. On May 29, 2009, Defendants laid Plaintiff off because they no longer wanted to accommodate her work restriction.

17. During this layoff, Defendants retained other employees with less seniority than Plaintiff who did not have work restrictions.

18. In approximately June 2009, Plaintiff filed a grievance complaining that she was laid off because she had a work restriction and asked to be returned to work.

19. In approximately July 2009, Plaintiff filed a disability discrimination complaint with the Iowa Civil Rights Commission.

20. In approximately July 2009, Plaintiff complained to Human Resources Manager Annette Cortright and Human Resources Representative Theresa Feldmann that she was laid off simply because she had a work restriction and asked that she be returned to work.

21. During the July 2009 meeting Theresa Feldmann informed Plaintiff that some employees had already been recalled and Defendants anticipated recalling all other laid off employees by early August.

22. Plaintiff was not recalled in August 2009.

23. When Plaintiff asked Union Steward Jim Forbes why she had not yet been recalled, Mr. Forbes informed Plaintiff that Annette Cortright was angry that Plaintiff filed a complaint with the Iowa Civil Rights Commission and now did not intend to ever recall Plaintiff.

24. In October 2009, Plaintiff again met with Annette Cortright and Theresa Feldmann.

25. During the October 2009 meeting, Annette Cortright informed Plaintiff that she could return to work if her doctor agreed to lift her work restriction.

26. When Plaintiff informed Annette Cortright that her doctor would not agree to lift her work restriction, Ms. Cortright stated that was Plaintiff's choice but she would not be recalled unless the restriction was lifted.

27. To date, Defendants have not recalled Plaintiff to work.

28. Defendants have continued to recall employees with less seniority than Plaintiff who do not have work restrictions.

29. Annette Cortright was an employee and agent of Defendants, acting at all material times within the scope of her employment.

30. Theresa Feldmann was an employee and agent of Defendants, acting at all material times within the scope of her employment.

## COUNT I
## VIOLATIONS OF THE IOWA CIVIL RIGHTS ACT
## DISABILITY DISCRIMINATION & RETALIATION

31. Plaintiff repleads paragraphs 1 through 30 as if fully set forth herein.

32. Plaintiff was disabled within the meaning of the Iowa Civil Rights Act.

33. Defendants failed to accommodate Plaintiff's disabilities in violation of the Iowa Civil Rights Act.

34. Defendants discriminated against Plaintiff with respect to the terms and conditions of her employment because of her disabilities in violation of the Iowa Civil Rights Act.

35. Plaintiff's disabilities were a motivating factor in Defendants' discrimination against her.

36. Plaintiff complained to Defendants about the discrimination she experienced and asked Defendants to accommodate her disabilities.

37. Plaintiff filed a complaint with the Iowa Civil Rights Commission about the discrimination she experienced.

38. Defendants retaliated against Plaintiff by permanently laying her off.

4

39. Plaintiff's protected activity was a motivating factor in Defendants' actions against her.

40. As a result of Defendants' illegal acts and omissions, Plaintiff has in the past and will in the future suffer injuries and damages, including but not limited to mental and emotional distress, fear, anguish, humiliation, intimidation, embarrassment, lost enjoyment of life; medical expenses, lost wages, benefits, future earnings, and other emoluments of employment.

41. Defendants acted with willful and wanton disregard for Plaintiff's rights and safety.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount which will fully and fairly compensate her for her injuries and damages, for punitive damages in an amount sufficient to punish Defendants and deter them and others, for interest as allowed by law, for attorney's fees, for the costs of this action, for appropriate equitable and injunctive relief, including reinstatement, and for such other relief as may be just in the circumstances and consistent with the purpose of the Iowa Civil Rights Act.

## COUNT II
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

42. Plaintiff repleads paragraphs 1 through 41 as if fully set forth herein.

43. Plaintiff was disabled within the meaning of the Americans with Disabilities Act (ADA).

44. Defendants failed to accommodate Plaintiff's disabilities in violation of the ADA.

45. Defendants discriminated against Plaintiff with respect to the terms and conditions of her employment in violation of the ADA.

46. Plaintiff's disabilities were a motivating factor in Defendants' discrimination against her.

47. Plaintiff filed a complaint with the Iowa Civil Rights Commission about the discrimination she experienced.

48. Plaintiff complained to Defendants about the discrimination she experienced and asked Defendants to accommodate her disabilities.

49. Defendants retaliated against Plaintiff and permanently laid her off.

50. Plaintiff's protected activity was a motivating factor in Defendants' actions against her.

51. As a result of Defendants' illegal acts and omissions, Plaintiff has in the past and will in the future suffer injuries and damages, including but not limited to mental and emotional distress, fear, anguish, humiliation, intimidation, embarrassment, lost enjoyment of life; medical expenses, lost wages, benefits, future earnings, and other emoluments of employment.

52. Defendants acted with malice and reckless disregard for Plaintiff's federally protected rights.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount which will fully and fairly compensate her for her injuries and damages, for punitive damages in an amount sufficient to punish Defendants and to deter them and others, for appropriate equitable relief, including reinstatement, for interest as allowed by law, for attorney's fees, for the costs and expenses of this action, and for such other relief as may be just in the circumstances and consistent with the purpose of the ADA.

## JURY DEMAND

COMES NOW the Plaintiff, by and through her attorneys, and hereby requests a trial by jury.

FIEDLER LAW FIRM, P.L.C.

*Emily McCarty*

Paige Fiedler AT0002496
paige@employmentlawiowa.com
Emily McCarty AT0010147
emily@employmentlawiowa.com
2900 – 100th Street, Suite 209
Urbandale, Iowa 50322
Telephone: (515) 254-1999
Fax: (515) 254-9923
ATTORNEYS FOR PLAINTIFF


# CT Corporation

**Service of Process Transmittal**
03/03/2011
CT Log Number 518124378

**TO:** Colette Mezza
International Automotive Components, N.A.
5300 Auto Club Drive
Dearborn, MI 48126

**RE: Process Served in Iowa**

**FOR:** IAC Iowa City, LLC (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Debra Warden, Pltf. vs. International Automotive Components Group North America, Inc., and IAC Iowa City, L.L.C., Dfts. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Original Notice, Petition |
| **COURT/AGENCY:** | Johnson County District Court, IA Case # LACV073058 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination - On the basis of disability; Retaliation in the form of job loss |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Des Moines, IA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/03/2011 at 09:51 |
| **JURISDICTION SERVED:** | Iowa |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days |
| **ATTORNEY(S) / SENDER(S):** | Paige Fiedler Fiedler Law Firm, P.L.C. 2900 - 100th Street Suite 209 Urbandale, IA 50322 515-254-1999 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/03/2011, Expected Purge Date: 03/08/2011 Image SOP Email Notification, Colette Mezza cmezza@iacna.com Email Notification, Debra Jett djett@iacna.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Amy McLaren |
| **ADDRESS:** | 500 East Court Avenue Des Moines, IA 50309 |
| **TELEPHONE:** | 800-592-9023 |

Page 1 of 1 / NZ

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.